Dwight A. PETTY, Plaintiff,

v.

FREIGHTLINER CORPORATION, Defendant.

No. Civ. 4:99CV59.

United States District Court,
W.D. North Carolina,
Shelby Division.

Nov. 28, 2000.

Julie H. Fosbinder, Charlotte, NC, for Dwight A. Petty, plaintiff.

Raboteau T. Wilder, Jr., Deanna Ruddock Lindquist, Tamila Vines Lee, Kilpatrick Stockton LLP, Charlotte, NC, for Freightliner Corporation, defendant.

### *ORDER*

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiff's motion pursuant to Federal Rules of Civil Procedure 59 and 60 for reconsideration of, relief from, and amendment to this Court's Memorandum and Order and Judgment filed October 6, 2000. The Court finds the record sufficient for disposition without a hearing. The facts of this case are set forth and discussed at length in the Court's October 6, 2000, Memorandum and Order, and will not be repeated here. The Plaintiff's grounds for reconsideration are addressed *seriatim.*

Plaintiff first alleges that the Court erred in finding that Freightliner did not regard Plaintiff as disabled under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112. In support of this contention, Plaintiff highlights the frank admission of George Eubanks, Freightliner's personnel manager, that the Plaintiff qualifies as disabled under Freightliner's disability policy. *See* Deposition of George Eubanks, at 40–41. Plaintiff argues that this statement in-and-of-itself suffices to create a genuine issue of material fact upon which a reasonable jury could find in Plaintiff's favor, thus mandating a denial of the Defendant's motion for summary judgment.

Plaintiff's reliance on this lone statement is misplaced. Eubanks was asked repeatedly whether he considered the Plaintiff "to be a person with a disability as that word is used in the Americans with Disabilities Act." *See id.,* at 21. Eubanks answered that he "considered [the Plaintiff] to be on long-term disability. That's the only way I considered him, as being an employee out on tong-term disability and worker's comp." *Id.* Asked to answer that same question later in his deposition, Eubanks again responded that he viewed the Plaintiff as "an employee who was out on worker's comp benefits, who was instructed to stay on worker's comp benefits until such time that his restrictions would have changed or work [that Plaintiff could do with his physical restrictions] was available." *Id.,* at 38.

Eubank's testimony that he thought that the Plaintiff qualified as disabled under the *Freightliner policy* is by no means dispositive of the issue of whether the Plaintiff was regarded as disabled for purposes of the ADA. Eubanks' statement that he thought the Plaintiff qualified as a disabled individual under the Freightliner policy is of no moment. Freightliner seeks to accommodate all employees with medical re-

strictions and who are, then, by definition, "disabled" under the Freightliner definition. *See* Eubanks Affidavit, at ¶ 4. The ADA, on the other hand, does not cover every individual with physical or mental impairments; rather, it covers only those individuals whose impairments substantially limit one or more major life activities, who have a history of such impairments, or are regarded as having such impairments. 42 U.S.C. § 12102(2). Here, as explained in the Court's October 6, 2000, Order, the Defendant was aware of the Plaintiff's injury, the surgeries performed to correct it, and the physical limitations placed upon Plaintiff, as related to the Defendant by the Plaintiff and his physicians. *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 6; Eubanks' Deposition, at 51–52; and Eubanks' Affidavit, at ¶ 4. It remains the case that Plaintiff simply has offered *no evidence* from which a reasonable jury could conclude that Freightliner had a mistaken belief concerning Plaintiff's injury or that Freightliner inappropriately stereotyped him. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Thus, the Court will not reconsider its judgment as to this issue.

Second, the Plaintiff avers that there were job openings to which he could have been reassigned as a "reasonable accommodation." This issue is relevant to the question of whether the Plaintiff was "otherwise qualified" within the meaning of the ADA. *See* 42 U.S.C. § 12111(8). The Court addressed this issue as an alternative ground for its judgment, having already found that Plaintiff did not qualify as disabled and was not regarded as disabled under the ADA. Plaintiff does not contest Freightliner's submission and this Court's finding that Plaintiff was unable to perform the job of truck assembler. Instead, Plaintiff contends that there were job openings, the requirements of which he could have fulfilled, to which he should have been reassigned.

As noted in this Court's October 6, 2000, Order, the ADA neither mandates "a policy of affirmative action in favor of individuals with disabilities, in the sense of requiring that a disabled person be given priority in hiring or reassignment over those who are not disabled[ ]," nor requires "an employer to reassign a disabled employee to a job for which there is a better applicant." *EEOC v. Humiston–Keeling, Inc.*, 227 F.3d 1024, 1028–29 (7th Cir.2000). Viewing the evidence in the light most favorable to the Plaintiff, as the nonmoving party, the Court again finds that the Plaintiff has put forth no sworn testimony or evidence upon which a reasonable jury could conclude that there were in fact open positions, the requirements of which Plaintiff could fulfill, and to which Freightliner had an obligation to reassign him.

Even if these open positions did exist, Freightliner was not obligated to assign the Plaintiff to such a position, for "'[a]nemployer is not obligated to provide an employee the accommodation he or she requests or prefers; the employer need only provide some reasonable accommodation.'" *Crawford v. Union Carbide Corp.*, 202 F.3d 257 (table), 1999 WL 1142346, *4 (4th Cir.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 2669, 147 L.Ed.2d 281 (2000) (quoting *Baert v. Euclid Beverage, Ltd.*, 149 F.3d 626, 633 (7th Cir.1998)). In providing accommodation, an employer has the "ultimate discretion to choose between effective accommodations, and may chose the accommodation that is easier to provide." 29 C.F.R. § 1630.9 Appendix III. "The reasonableness of an accommodation is assessed objectively, and is not viewed subjectively from the concerns of either party." *Andrews v. Commonwealth*, 2000 WL 1532333, *1 (4th Cir.2000) (citing *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 350 (4th Cir. 1996)). Here, Freightliner correctly engaged Plaintiff in an "interactive process" to determine the appropriate accommodation under the circumstances. *See Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1134–35 (7th Cir.

1996); 29 C.F.R. § 1630.2(O)(3). Freightliner arranged to have Plaintiff undergo a Functional Capacity Examination (FCE) in order to assess his ability to perform a variety of workplace functions. Once the test results were known, Freightliner was in a better position to determine the proper placement of Plaintiff. As part of a Union settlement agreement, Freightliner reassigned Plaintiff to a new position in October 1998, the job requirements of which he can meet even with his injury.[1] Freightliner did not commit an ADA violation by reasonably choosing to assess Plaintiff's abilities before reassigning him to a new position, regardless of Plaintiff's desire to have been reassigned earlier. *Walter v. United Airlines, Inc.,* 2000 WL 1587489, *5 (4th Cir.2000) (citing *Rehling v. City of Chicago,* 207 F.3d 1009, 1014 (7th Cir.2000)) ("[T]he ADA does not require an employer to provide the specific accommodation requested by the disabled employee, or even to provide the best accommodation, so long as the accommodation provided to the disabled employee is reasonable.").

Next, Plaintiff moves this Court to reconsider its finding that Plaintiff's physical limitations do not constitute a significant restriction on, and therefore do not qualify as substantially limiting, a major life activity other than work. Plaintiff seeks reconsideration of this aspect of the Court's Order not because of an intervening change in controlling law or to account for new evidence not previously available, but rather to reacquaint the Court with the merits of this point. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998), *cert. denied,* 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999); *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). The Court is not persuaded by the two district court cases cited by Plaintiff in support of his familiar position. The Court remains convinced, having reviewed the arguments and cases cited by Plaintiff, and the cases relied upon by this Court in arriving at its decision, as set forth in the October 6, 2000, Order, that Plaintiff is not substantially limited in a major life activity.

■ Finally, Plaintiff argues that this Court erred in refusing to consider portions of a letter sent by Freightliner to Plaintiff in the course of settlement negotiations. Plaintiff avers that the letter was submitted to the Court to show the falsity of Freightliner's assertion that it was committed to returning Plaintiff to work as quickly as possible, and that the letter is admissible because it arose from a claim distinct from this lawsuit. This Court cannot agree with Plaintiff's position that the law forces an employer to chose between open and frank discussion of settlement, the terms of which may include the resignation of an employee, and the protections of Federal Rule of Evidence 408, which is explicitly designed to encourage settlement. *See* Fed.R.Evid. 408, Advisory Committee Notes, 1972 Proposed Rules and 1974 Enactment; *Fiberglass Insulators, Inc., v. Dupuy,* 856 F.2d 652 (4th Cir.1988). The letter was sent during the course of negotiations, with certain specified terms, and was "intended to be part of the negotiations for compromise." *Fiberglass Insulators, Inc.,* 856 F.2d at 654. A party cannot, *ipso facto,* later seek to introduce the proposed terms of the settlement as proof of bad intent. Such a posi-

---

1. Plaintiff argues that the FCE was used as pretext for keeping him out of work. This bare allegation finds no support in the record. *See Featherstone v. United Parcel Services, Inc.,* 56 F.3d 61 (table), 1995 WL 318596, *2 (4th Cir.1995) ("The nonmovant must point to specific evidence establishing a triable dispute, and cannot rely upon bare allegations.") (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56). Freightliner's deci-

sion to reassign him did not ultimately rest on the FCE. It was a calculated decision to save the company money by negotiating a settlement to a grievance rather than going through arbitration. *See* Deposition of Wayne Simon, at 74. This does not invalidate Freightliner's desire to assess the Plaintiff's physical capabilities, or call into question the objective reasonableness of its decision, before reassigning him, in light of his injuries and professed medical condition.

tion is not only logically faulty, for the terms of a proposed settlement invariably reflect a compromise rather than the hard-line belief of a party [2], but is also contrary to public policy as codified by Rule 408. *See id.,* at 654–55; Fed.R.Evid. 408, Advisory Committee Notes, 1972 Proposed Rules and 1974 Enactment ("The purpose of this rule is to encourage settlements which would be discouraged if such evidence were admissible."). Also, Plaintiff's argument that the settlement offer and this lawsuit arise from two different claims is meritless. The parties and the issues were the same then as they are now. The "claims" are one and the same: the only difference is the procedural posture. *See Fiberglass Insulators, Inc.,* 856 F.2d at 655. The undersigned remains convinced that the settlement letter was properly excluded.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for reconsideration of, relief from, and amendment to the Court's October 6, 2000, Memorandum and Order and Judgment is hereby **DENIED**.

---

**2.** It is not the case, here, that the Plaintiff seeks to admit an admission or statement of *fact* made by the Defendant, which would be admissible. Fed.R.Evid. 408, Advisory Committee Notes, 1974 Enactment ("[S]tatements of fact made during settlement negotiations, however, are excepted from this ban and are admissible.").